IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DELLA SEAY,                          )
                                     )    2:08-cv-806-GEB-GGH
             Plaintiff,              )
                                     )
     v.                              )    ORDER*
                                     )
DOE 1, AKA, SIERRA COMMUNITY         )
COLLEGE DISTRICT; DR. LEO CHAVEZ;    )
RON MARTINEZ; MANDY DAVIES; CINDY    )
MARIANO; and DOES 2 through 20,      )
                                     )
             Defendants.             )
_____)
```

Defendants move for dismissal of Plaintiff Della Seay's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges Defendants violated her state and federal rights by discriminating against her, harassing her, retaliating against her and failing to accommodate her disability after she returned to work following a medical leave. Defendants also move for an order striking Plaintiff's emotional distress claim, which appears only in the caption of the complaint.

---

    *   This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  Plaintiff was an employee of Defendant Sierra Community
2  College District ("Sierra") during the time relevant to her complaint.
3  (First Am. Compl. ("FAC") ¶¶ 3.1, 5.18.)  Plaintiff had back surgery
4  in July 2005 following which her doctor placed her on "temporary
5  disability and medical leave."  (Id. ¶ 5.3.)

6  Plaintiff alleges that when she returned to work at Sierra
7  following her back surgery, Sierra "refused to provide [her] with a
8  reasonable accommodation," her supervisors harassed her, and she was
9  constructively discharged.  (Id. ¶¶ 5.7, 5.18-19, 5.21, 5.23, 5.26,
10 5.28.)  Plaintiff alleges the following "state" and "federal" claims
11 against all Defendants without specifying the statutory basis for her
12 claims: (1) race discrimination, (2) age discrimination, (3)
13 disability discrimination, (4) medical condition discrimination, (5)
14 harassment, (6) retaliation, and (7) failure to accommodate her
15 disability.

16 Defendants argue Plaintiff's federal claims under Title VII,
17 the ADA, the Rehabilitation Act and the ADEA should be dismissed
18 because these claims are untimely.  (Mot. at 10:11-11:10.)  Under
19 these statutes, a civil action must be filed within ninety days of the
20 receipt of a right-to-sue letter from the EEOC.  See 42 U.S.C. §
21 2000e-5(f)(1); 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a)-(b); O'Donnell
22 v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (affirming
23 dismissal of Title VII and ADEA claims as untimely where claims were
24 filed more than ninety days after plaintiff received right-to-sue
25 letter); Beutler v. Potter, 2007 WL 2990360, at *4 (N.D. Cal. Oct. 11,
26 2007) (dismissing Rehabilitation Act claim for failure to file within
27 ninety days of receiving right-to-sue letter); Dugay v. JPMorgan
28 Chase, 2006 WL 3792043, at *4 (D. Ariz. Dec. 20, 2006) (dismissing ADA

1  claim for failure to file within ninety days of receiving right-to-sue
2  letter).
3      Plaintiff received her right-to-sue letter from the EEOC on
4  July 27, 2007.  (FAC, Attach. 1.)  Plaintiff's initial complaint was
5  filed on November 9, 2007, more than ninety days after Plaintiff
6  received the right-to-sue letter.  (See Defs.' Req. for Jud. Not., Ex.
7  1.)  Accordingly, Plaintiff's federal claims are untimely.
8      Defendants seek dismissal of Plaintiff's federal claims
9  without leave to amend, arguing any amendment would be futile since
10 Plaintiff already amended her complaint once and still failed to state
11 viable federal claims.  (Mot. at 11:7-10, 23:18-21.)  Plaintiff
12 counters in a three page opposition in which she references the right-
13 to-sue letters she received from the EEOC and asserts these letters
14 are "sufficient to put defendant on notice [of] claims . . . made
15 [and] to prevent dismissal of a . . . stated federal claim . . ."
16 (Opp'n at 2:17-19.)  Plaintiff's opposition says nothing about
17 Defendants' untimeliness position and provides no information
18 indicating Plaintiff could cure the deficiencies in her First Amended
19 Complaint if she were given another chance to amend her federal
20 claims.  Accordingly, Plaintiff's federal claims are dismissed without
21 leave to amend.
22     Since Defendants' dismissal motion is granted on all of
23 Plaintiff's federal claims, the discretionary decision will be made
24 whether supplemental jurisdiction should continue being exercised over
25 his lawsuit.  This decision is made under 28 U.S.C. § 1367(c)(3), and
26 "is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715
27 (1966)] values of economy, convenience, fairness, and comity."  Acri
28 v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en

banc) (quotation marks omitted).  "In the usual case in which all federal-law claims are eliminated . . . , the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Wade v. Regional Credit Assoc., 87 F.3d 1098, 1101 (9th Cir. 1996).  The Gibbs values of comity and fairness do not weigh in favor of the federal court deciding Plaintiff's state law claims, because as stated in Gibbs: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  383 U.S. at 726.

Therefore, Plaintiff's remaining state law claims are dismissed under § 1367(c)(3) as of the date on which this Order is filed.

IT IS SO ORDERED.

Dated:  June 25, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge